## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARLOS FARIAS,**

        **Plaintiff,**

**v.**                                               **Case No:   6:14-cv-880-Orl-37GJK**

**TRADE SECRETS, LLC,**

        **Defendant.**

_____

## ORDER AND REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. No. 14)** |
| **FILED:** | **July 22, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S TIME SENSITIVE OPPOSED IN PART AND UNOPPOSED IN PART MOTION FOR ENLARGEMENT OF TIME TO FILE A RESPONSE TO PLAINTIFF'S PREMATURE PARTIAL MOTION FOR SUMMARY JUDGMENT (Doc. No. 15)** |
| **FILED:** | **July 22, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.   It is further ORDERED that no response to the Motion for Partial Summary Judgment is due from Defendant until the Court rules on this report and recommendation.**

On June 6, 2014, Carlos Farias (the "Plaintiff") filed a complaint (the "Complaint") against Trade Secrets, LLC, doing business as Café Murano (the "Defendant"), for unpaid overtime wages pursuant to 29 U.S.C. § 216(b) (the "FLSA" or the "Act").   Doc. No. 1.   The gravamen of this straightforward FLSA case is that Plaintiff was employed by Defendant as a pizza chef from December 4, 2011 through April 25, 2014, and that Defendant failed to pay Plaintiff overtime wages during the relevant time period.   Doc. No. 1 at 1-5.   On July 21, 2014, Defendant filed its answer and affirmative defenses (the "Answer").   Doc. No. 13.   In its Answer, Defendant admits that it is an enterprise engaged in commerce under the Act and that Plaintiff was employed by Defendant during the relevant time period.   Doc. No. 13 at ¶¶ 3-4, 54.   Defendant also raises several affirmative defenses including, but not limited to, that Plaintiff was an exempt salaried employee under the FLSA ("Affirmative Defense No. 3").   Doc. No. 13 at 9.

The next day, July 22, 2014, before a scheduling order was entered and before any discovery had occurred, Plaintiff filed a motion for partial summary judgment (the "Motion").   Doc. No. 14.   In the Motion, Plaintiff requests that the Court enter partial summary judgment in his favor as to the following issues: (1) Defendant was Plaintiff's employer; (2) Defendant is an enterprise under the Act; (3) Defendant violated the records keeping provisions of the Act, 29

U.S.C. § 211(c), because Defendant failed to keep daily or weekly time records for Plaintiff; and (4) Plaintiff is not an exempt employee under the Act.   Doc. No. 14 at 5-12.   Plaintiff argues that the first two issues are supported by Defendant's admissions in its Answer.   Doc. No. 14 at 5-6. With respect to the latter two issues, Plaintiff submits his own affidavit in support of the Motion. Doc. Nos. 14 at 6-11; 14-1 at ¶¶ 4-21.

On July 25, 2014, Defendant filed a Time Sensitive Opposed In Part and Unopposed In Part Motion for Enlargement of Time To File a Response To Plaintiff's Premature [Motion] (the "Motion for Extension of Time").   Doc. No. 15.   In the Motion for Extension of Time, Defendant states that this case is not ripe for summary judgment because Defendant "has not had any opportunity to develop the facts through discovery."   Doc. No. 15 at 1.   With respect to Affirmative Defense No. 3, Defendant acknowledges that it bears the burden of proof to establish facts showing the Plaintiff is exempt from the overtime benefits of the FLSA.   Doc. No. 15 at 4 (citing authority).   Defendant maintains that discovery is necessary before this Court can determine whether an FLSA exemption applies, and since no discovery has yet taken place, the Motion is premature.   Doc. No. 15 at 4-6 (citing authority).   With respect to the first two issues raised in the Motion – the employer-employee relationship and enterprise coverage – Defendant agrees that it has admitted those two issues in its Answer and, therefore, "[t]here is no legitimate reason for Plaintiff to prepare and file a summary judgment motion . . . on these issues, which is [a] waste of time and resources."   Doc. No. 15 at n.1.   Accordingly, Defendant requests that the Court enter an order denying the Motion without prejudice as premature or, in the alternative, providing Defendant with a minimum of three months to respond to the Motion in order to conduct discovery.   Doc. No. 15 at 6-7.   If the Court is unwilling to provide such a lengthy extension of time, then Defendant requests a two-week extension of time to file its response because

Defendant's corporate representatives are unavailable to prepare a response until August 5, 2014. Doc. No. 15 at 6-7.

On July 25, 2014, Plaintiff filed his response to the Motion for Extension of Time. Doc. No. 16. In it, Plaintiff does not object to the Court providing Defendant with a two-week extension of time, but otherwise Plaintiff objects to the relief Defendant requests. Doc. No. 16. Plaintiff maintains that the Motion is "the most efficient way to limit the issues" in this case. Doc. No. 16 at 3.

On July 28, 2014, the Court enter its standard FLSA Scheduling Order, which is "tailored to meet the particular circumstances of this case" under the Act. Doc. No. 17. The FLSA Scheduling Order waives the initial disclosure requirements of Rule 26, Federal Rules of Civil Procedure, case management report requirements of Local Rules, and general discovery. Doc. No. 17 at 1, 3. It sets a schedule for the parties to exchange critical information in this case and to engage in informal mediation "consistent with the just, speeding and inexpensive administration of justice." Doc. No. 17 at 1.

The Motion and the Motion for Extension of Time have been referred to the undersigned United States Magistrate Judge. Pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), because the Motion is a dispositive motion and the Motion for Extension of Time requests that the Court deny the Motion as premature, the undersigned enters this report and recommendation.

The Court has broad discretion over the management of pre-trial activities, including scheduling. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). The Court should not grant summary judgment until the non-moving party "has had an adequate opportunity for discovery." *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988). *See also McCallum v. City of Athens*, 976 F.2d 649, 650 (11th Cir. 1992) (a party may move for

summary judgment only after exchanging "appropriate" discovery).   While Rule 56(b), Federal Rules of Civil Procedure, provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery," the rule also clothes the Court with the discretion to enter orders setting the schedule for filing of summary judgment motions.   *Id*.

Although the Motion's first two issues – employer relationship and enterprise coverage – are not in dispute, the issues of whether Plaintiff is entitled to summary judgment on Defendant's Affirmative Defense No. 3 and under the records keeping provisions of the Act require discovery.[1] Moreover, the purpose the Court's FLSA scheduling order is to ensure the just, speedy, and cost-effective resolution of these types of cases.   Doc. No. 17 at 1.   Filing a motion for summary judgment before any discovery has commenced is not, as Plaintiff suggests (Doc. No. 16 at 3), the most efficient way to resolve issues in this case and it is contrary to the purpose of the FLSA Scheduling Order.   Accordingly, the undersigned finds that the Motion is premature and the Motion for Extension of Time should be granted.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion for Extension of Time (Doc. No. 15);

2. **DENY** the Motion (Doc. No. 14) without prejudice as premature; and

---

[1] Furthermore, since the first two issues raised in the Motion are not in dispute, the Court agrees that it is a waste of resources to prepare and file a motion for summary judgment on those matters.   Summary judgment is only appropriate where the movant demonstrates that there is "no genuine dispute of material facts <u>and</u> the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added).   Even if, as is the case here, there is no dispute as to certain material facts, which form some of the elements of the moving party's claim, the moving party is not entitled to judgment as a matter of law if there exists disputes of material facts as to other critical elements of the party's claim.   *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment is appropriate only where no dispute of material facts as to all elements essential to that party's case).   *See also United States v. Four Parcels of Real Prop. in Green and Tuscaloosa Counties*, 941 F.2d 1428, 1438 (11th Cir. 1991) (moving party must establish all essential elements of the claim in order to obtain summary judgment).   The Court should not grant summary judgment unless it is clear that a trial is unnecessary.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   In this case, establishing that there is no dispute as to material facts that Defendant employed Plaintiff and that Defendant is an enterprise covered under the FLSA simply does not, in and of itself, entitle Plaintiff to a judgment as a matter of law.   Plaintiff still must prove that Plaintiff worked overtime, did not receive appropriate compensation, and the number of hours of overtime worked. Defendant also bears the burden of proof as to its Affirmative Defense No. 3.   Thus, at this stage, Plaintiff is simply not entitled to judgment as a matter of law.

3. Permit Plaintiff, if necessary, to re-file the Motion thirty (30) days after the parties comply with the FLSA Scheduling Order or no sooner than December 1, 2014, whichever is later.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

It is further **ORDERED** that no response to the Motion is due from Defendant until the Court rules on this report and recommendation.

**Recommended and Ordered** in Orlando, Florida on August 4, 2014.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy