**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CARLOS FARIAS,

        Plaintiff,

v.                                              Case No. 6:14-cv-880-Orl-37GJK

TRADE SECRETS, LLC,

        Defendant.

**ORDER**

This cause is before the Court on the Stipulation of Dismissal (Doc. 23), filed September 15, 2014.

The parties to this Fair Labor Standards Act ("FLSA") unpaid-overtime action represent that Plaintiff has accepted an offer of "all overtime due, plus liquidated damages and separately negotiated attorney's fees and costs." (*Id.* at 1.) Additionally, they indicate that they have entered into a separate "mutual general release, non-disparagement and confidentiality agreement" for which Plaintiff received additional compensation in an unspecified amount. (*Id.*) Based on this arrangement, they contend that their settlement agreement need not be scrutinized for fairness under *Lynn's Food Stores* "because Plaintiff has neither compromised his back pay nor his liquidated damages." (*Id.* (citing *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352–54 (11th Cir. 1982)).) Accordingly, the parties have not submitted any of the pertinent settlement documents to the Court, and they have attempted to stipulate to a dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (*See id.*)

Under Rule 41(a)(1)(A), parties are not permitted to stipulate to the dismissal of an

action if doing so would run contrary to "any applicable federal statute." As *Lynn's Food Stores* emphasizes, the FLSA does not permit employees to settle, voluntarily dismiss with prejudice, or otherwise compromise their statutory claims without approval from a district court or the Secretary of Labor. *See* 679 F.2d at 1352–54 (11th Cir. 1982) (holding that the FLSA's provisions are "mandatory" and "are not subject to negotiation or bargaining between employers and employees"). Thus, Rule 41(a)(1)(a)(ii) does not authorize parties to voluntarily dismiss an employee's FLSA claims with prejudice unless they first obtain the requisite approval. *See, e.g.*, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010) (rejecting a Rule 41(a)(1)(A)(ii) dismissal of an FLSA claim for failure to obtain judicial approval of the parties' settlement agreement).

Here, the Court has not approved the parties' settlement agreement, and therefore their stipulated dismissal is ineffective. *See id.* The FLSA requires judicial review of the settlement documents irrespective of the parties' representations as to the agreement's fairness. Moreover, the parties' side deal requires particular scrutiny in order to ensure that Defendant has not extracted a gratuitous release of claims beyond the scope of this action in exchange for money unconditionally owed to the Plaintiff under the FLSA. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) (cautioning that side deals risk conferring an "undeserved and disproportionate benefit on the employer and . . . an unanticipated, devastating, and unfair deprivation on the employee").

In sum, this case is not dismissed, and Plaintiff's FLSA claims remain viable. The parties accordingly have three options moving forward. First, they may submit the settlement documents—including any documents pertaining to the parties' "mutual general release, non-disparagement and confidentiality agreement" (Doc. 23, p. 1)—to

the Court for a fairness review and move for dismissal pursuant to Rule 41(a)(2). Second, they may stipulate to dismissal *without prejudice*. Third, they may proceed with this litigation.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the parties' Stipulation of Dismissal (Doc. 23) is **REJECTED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 17, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record